UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Troy G. Hammer, | CIVIL RIGHTS |
| Plaintiff, | COMPLAINT |
| V. | Case no._____ |
| Dr. Samantha Schwartz-Oscar — Prison Psychologist, | |
| Lt. Daniel Cushing — RSHU Supervisor, | |
| Sgt. Gregory Friedel, | |
| Stephanie Wijas — RN, | |
| Officers Michael Dedering, Dalia Dedering, Tyler Williquette, and Scott Hansen Jr., sued in their individual capacities, | |
| Defendants. | |

## I. INTRODUCTION

1. This is a civil rights action and jury demand, filed pro se by Troy G. Hammer (a state prisoner), for compensatory damages, punitive damages, pain an suffering, and mental emotional infliction damages, authorized by 42 U.S.C. section 1983 to redress the deprivation of rights secured by the U.S. Constitution. The plaintiff alleges Deliberate Indifference to mental health needs, denial of adequate and reasonable psychological/medical care,

Pg. 1

and failure-to-protect, in direct violation of the Eighth Amendment to the U.S. Constitution. In addition plaintiff also incorporates state-law medical malpractice and negligence claims.

## II. JURISDICTION

2. This court has jurisdiction under 28 U.S.C. section 1331 and 1343(a)(3), and supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. section 1367. This court also has authority to join claims and parties pursuant to rule 18(a), Fed. R. Civ. Proc.

## III. VENUE

3. The United States District Court For The Eastern District Of Wisconsin is an appropriate venue under 28 U.S.C. section 1391(b)(2) because all of the events or omissions giving rise to this action occured in this district.

## IV. PARTIES

4. Plaintiff Troy G. Hammer was at all times relevant to this action a prisoner of the State of Wisconsin incarcerated at Green Bay Correctional Institution (GBCI).

5. Defendant Dr. Schwartz-Oscar was at all times relevant to this action a psychologist at Green Bay Correctional Institution, and was acting under the color of state law. She was responsible for providing adequate and reasonable psychological care with regards to triaging my suicidalty to ensure my safety and wellbeing while I was confined at the prison in Green Bay, WI. She is being sued in her individual capacity.

6. Defendant Lt. Cushing was at all times relevant to this action a security supervisor at Green Bay Correctional Institution, and was acting under the color of state law. He was responsible for the security, custody, control, and treatment of inmates. He is being sued in his individual capacity.

7. Defendant Sgt. Friedel was at all times relevant to this action the RSHU Sergeant at Green Bay Correctional Institution, and was acting under the color of state law. He was responsible for providing for security, custody control of the institution and assuming total responsibility for post operations in a particular area when assigned on their particular shift and proforming other institution

Pg. 3

related duties as required or assigned. He is being sued in his individual capacity.

8. Defendant RN Wijas was at all times relevant to this action a registered nurse at Green Bay Correctional Institution, and was acting under the color of state law. She was responsible for providing adequate, humane, and reasonable medical care to inmates upon knowledge of a inmates' medical need and/or request. She is being sued in her individual capacity.

9. Defendant officers M. Dedering, D. Dedering, Williquette, and Hansen Jr. was at all times relevant to this action correctional officers at Green Bay Correctional Institution, and all were acting under the color of state law. These officers were responsible for the security, custody, control and treatment of inmates in work or housing unit situations, escorting inmates off grounds as required, patrolling institution building and grounds, and performing other related work as required. They're being sued in their individual capacities.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff has fulfilled his obligation as required by the Prison Litigation Reform Act to proceed in this action. All necessary institution complaint documentation showing proof of exhaustion is attached hereupon as exhibits 1 through 4.

## VI. FACTS

11. On July 3rd, 2017, at approximately 5:45 pm, I was placed on clinical observation status in cell 405.

12. Sometime after I was placed on obs, defendant officer Dedering made his way to my cell at approximately 6:30 pm, and witnessed me in active self-mutilation with a razor blade clearly visible, but just casually walked away.

13. As to the statement made in paragraph 12, defendant M. Dedering wantonly, willfully, and intentionally disregarded my safety, all policies and procedures regarding such matters, and basically gave me a silent encouragement to kill myself.

14. A short time later, defendant officer Williquette arrived at my cell and witnessed me in active self-mutilation an took immediate action by informing

Pg. 5

other staff through the radio, which resulted in my removal from cell 405, an escorted to HSU for medical attention.

15. While in HSU I continued to verbalize suicidal ideation with specific statements, "that I would slice my neck open if I wasn't straped down."

16. As to the claims stated in paragraph 15, defendant RN Wijas wantonly, willfully, and intentionally disregarded my safety, and as well as providing adequate and reasonable medical/psychological care, or access to.

17. Furthermore, I continued to verbalize suicidal ideation as staff escorted me from HSU to strip sell 621, and while awaiting for staff's decision, I continued to yell suicidal statements, specificly, "that I would slice my neck open as soon as I was placed back in a cell — instead of being placed in bed restraints. Those threats continued until I was finally placed back in cell 405.

18. As to the claims stated in paragraph 17, Lt. Cushing, Sgt. Friedel, RN Wijas, officers Williquette, M. Dedering, D. Dedering, Hansen Jr., and several others heard me

Pg. 6

yelling that specific statement of suicidal intent/ideation. Plus, were aware that I did have a razor due to the fact that it wasn't confiscated during the first incident of self-harm, and as well as several staff seeing it and reporting it to their superior or co-worker.

19. However, as to the claims stated in paragraphs 17 & 18, all defendants thereof wantonly, willfully, and intentionally disregarded my safety, as well as my significant history of suicide attempts and self-mutilation. Plus, upon my belief did so to allow me to commit suicide with hopes that it would have a corrective affect on all inmates.

20. Defendant Dr. Schwartz-Oscar, after conversing with defendant Lt. Cushing about my suicidal and self-harmful state, and such acts after my placement into clinical obs, as well as my continued threats — she outright disregarded her personal knowledge of my significant history of suicide attempts and self-mutilation. She also knew that my continued threats were to be taken seriously, and do what needed to be done to ensure my safety and prevent further acts of self-harm or suicide attempts.

21. Furthermore, defendant Dr. Schwartz-Oscar was fully aware that I was in possession of a razor, due to the fact that I acted on my suicidal intent right after I was placed on obs, and the fact that staff didn't confiscate the razor. Plus, based on common sense and practical knowledge — I had to of been in possession of a object to act on my continued threats of suicide and self-mutilation.

22. As to the claims stated in paragraph 20 & 21, defendant Dr. Schwartz-Oscar wantonly, willfully, and intentionally disregarded a significant threat of harm and all factors of providing adequate and reasonable psychological care to ensure my safety until I was in a more stabalized state to cope, and further evalution could be initiated.

23. Upon my belief, defendant Dr. Schwartz-Oscar and Lt. Cushing wantonly, willfully, and intentionally disregarded my continued threats of suicide, and completely ignored utilization of bed restraints, because they didn't want to deal with the work that would result, as it was close to a holiday, and basically gave me a silent encouragement to kill myself.

Pg. 8

24. At approximately 9:00 pm, I was escorted back to my cell (405) from strip cell 621 and placed on constant obs.

25. A short time later, after entering my cell, I acted on my suicidal ideation by significantly lacerating my neck, and defendant officer Hansen Jr. immediately notified staff. About 3-5 minutes later additional staff arrived at my cell front, and as soon as defendant officer D. Dedering (AKA Estrada) approached my cell an seen my neck she stated very clearly (quote), "you should've cut deeper."

26. As I exited my cell I immediately informed defendant Lt. Cushing (as he was down the hall) that defendant officer D. Dedering made the statement described in paragraph 25, an defendant officer Hansen Jr. intervened an stated, "I didn't hear anything." Knowing that he and every defendant present heard exactly what defendant officer D Dedering said.

27. I was then escorted to HSU, where RN Bost determined that I needed to be sent to St. Vincient Hospital for sutures. I then received adequate medical attention. I received 9 sutures in my neck and 11 sutures in my wrist.

Pg. 9

28. As me, defendant Lt. Cushing, officer Fruehbrodt, and another officer were exiting the first gate in the RSHU to transport me to St. Vincient Hospital, defendant Lt. Cushing stated, "now your pissing me off." And I replied, "what the fuck is that suppose to mean?"

29. For informative purposes, ICE staff state that, "I was in constant obs in the past and it seemed to be effective." But those times staff confiscated the razor or object I used to act on my suicidal intent, or I didn't have anything to begin with. This particular incident every defendant was aware that I was still in possession of a razor. ICE staff then state, "it was determined to manage the inmate in the least restrictive status as possible. Staff have a responsibility to use the least restrictive measures to manage inmates." Staff will make up anything to reason such inhumane and callous disregard. However, staff also have a responsibility to take all necessary actions to cease and prevent inmates from acting on their suicidal intent (especially when staff are informed of specific threats and exacts thoughts of suicidal ideation). Plus, I was placed in bed restraints multiple times—just for statements of suicidal intent and there was no least restrictive measures taken at those specific times.

# VII. CAUSES OF ACTION

## COUNT I

Plaintiff Was Subjected To Cruel And Unusual Punishment In Violation Of The Eighth Amendment To The U.S. Constitution.

30. Plaintiff incorporates paragraphs 1-29 as though they were stated fully herein.

31. Defendants Dr. Schwartz-Oscar, Lt. Cushing, Sgt. Friedel, RN Wijas, officers M. Dedering, D. Dedering, Williquette, and Hansen Jr. violated plaintiff's Eighth Amendment right to be free from Cruel and Unusual Punishment by wantonly, willfully, and intentionally disregarding plaintiff's safety after fully aware of suicidal intent and the fact that he acted on his suicidalty while on obs.

32. Defendants Dr. Schwartz-Oscar, Lt. Cushing, Sgt. Friedel, RN Wijas, officers M. Dedering, D. Dedering, Williquette, and Hansen Jr. violated plaintiff's Eighth Amendment right to be free from Cruel and Unusual Punishment by wantonly, willfully, and intentionally disregarding their personal knowledge that plaintiff was still in

possession of a razor to act on his specific statements of suicidal ideation, due to the fact they didn't confiscate it during or after the first incident of self-harm. Thereby, subjectively aware of a significant threat of suicide and/or self-harm.

33. Defendants Dr. Schwartz-Oscar, Lt. Cushing, Sgt. Friedel, RN Wijas, officers M. Dedering, D. Dedering, Williquette, and Hansen Jr. violated plaintiff's Eighth Amendment right to be free from Cruel And Unusual Punishment by wantonly, willfully, and intentionally disregarding their personal knowledge of plaintiff's significant history of suicide attempts and self-mutilation.

34. Defendants Dr. Schwartz-Oscar, Lt. Cushing, Sgt. Friedel, RN Wijas, officers M. Dedering, D. Dedering, Williquette, and Hansen Jr. violated plaintiff's Eighth Amendment right to be free from Cruel and Unusual Punishment by wantonly, willfully, and intentionally disregarding all factors of providing adequate and reasonable psychological/medical care when plaintiff was in his severe suicidal state. Moreover, ultimately disregarding one action to eliminate plaintiff's ability to act on his suicidal intent and/or continued

statements of suicidal ideation, as well as prevent any other acts of further harm. Aleast, until plaintiff was in a more stabalized state to cope and further evaluation could be initiated. Thereby, denying plaintiff adequate and reasonable psychological/medical care to ensure his safety. Instead, staff basically gave plaintiff a silent encouragement to commit suicide.

35. Defendants Dr. Schwartz-Oscar, Lt. Cushing, Sgt. Friedel, RN Wijas, officers M. Dedering, D. Dedering, Williquette, and Hansen Jr. violated plaintiff's Eighth Amendment right to be free from Cruel and Unusual Punishment by wantonly, willfully, and intentionally subjecting plaintiff to actions of mistreatment, which were antithetical to human dignity and were made in his most vulnerable psychological states, an imposed upon him with pure condescension and carelessness.

### VIII. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this honorable court:

A. Declare that the acts and omissions described herein violated plaintiff's rights under the Constitution

Pg.13

and laws of the United States;

B. Order defendants to pay compensatory damages in the amount of $85,000.00 thousand dollars, and punitive damages in the amount of $40,000.00 thousand dollars;

C. Order the recovery of the filing fee;

D. Order defendants to pay all reasonable attorney fees and court costs; and

E. Grant any other just and equitable relief that this honorable court deems necessary.

Dated: March 15th, 2019.

Respectfully Submitted,

_Troy Hammer_
Troy G. Hammer #489983
C.C.I.
P.O. Box 900
Portage, WI 53901

Pursuant to 28 U.S.C. § 1746, I declare and verify under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, except for those based on belief. Executed on March 15th 2019.

_Troy Hammer_

Pg. 14
Case 1:19-cv-00444-WCG   Filed 03/27/19   Page 14 of 14   Document 1