UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TROY G. HAMMER,

    Plaintiff,

  v.                                                             Case No. 19-C-444

DR. SAMANTHA SCHWARTZ-OSCAR,
LT. DANIEL CUSHING,
SGT. GREGORY FRIEDEL,
STEPHANIE WIJAS,
MICHAEL DEDERING,
DALIA DEDERING,
TYLER WILLIQUETTE, and
SCOTT HANSEN, JR.,

    Defendants.

## SCREENING ORDER

Plaintiff Troy G. Hammer, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Hammer's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Hammer has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Hammer has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial

partial filing fee of $25.13. Hammer's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

At all times relevant to this action, Hammer was incarcerated at Green Bay Correctional Institution (GBCI) and all defendants were employees of GBCI. Hammer alleges that he was placed

on clinical observation status in cell 405 around 5:45 p.m. on July 3, 2017. According to Hammer, around 6:30 p.m., Correctional Officer (CO) Michael Dedering (M. Dedering) witnessed him engaging in self-mutilation with a razor blade, but M. Dedering intentionally walked away and took no action. Shortly thereafter, CO Tyler Williquette witnessed Hammer engaging in self-mutilation and called for help. Hammer was escorted to the health services unit (HSU) and, while there, continued to verbalize suicidal ideation, including a threat to slice his neck if he wasn't strapped down. He alleges that HSU nurse Stephanie Wijas intentionally disregarded his safety and failed to provide adequate medical and psychological care.

Hammer was transported to strip cell 621, where he continued to threaten self-harm. He specifically stated that he would slice his neck open as soon as he was placed back in a cell instead of being placed in bed restraints. He alleges that Lieutenant Daniel Cushing, Sergeant Gregory Friedel, Wijas, and COs Williquette, M. Dedering, Dalia Dedering (D. Dedering), and Scott Hansen, Jr. heard his threat yet did not place him in bed restraints or initiate another form of psychological care. Instead, they allegedly ignored the threat and placed Hammer back in cell 405. Hammer also alleges these defendants were aware that he had a razor blade because it had not been confiscated.

After returning to cell 405 at approximately 9:00 p.m. and being placed on constant observation status, Hammer again acted on his suicidal ideation by lacerating his neck, and CO Hansen, Jr. immediately notified staff. Hammer alleges that CO D. Dedering arrived at his cell and stated "you should've cut deeper." Dkt. No. 1 at ¶ 25. Hammer was escorted to HSU and then to St. Vincent Hospital, where he received sutures in his neck and wrist.

At some point after Hammer was placed on observation status, Dr. Samantha Schwartz-Oscar allegedly spoke with Lt. Cushing about Hammer's suicidal state, as well as his continued

3

threats of self-harm. Hammer alleges that Dr. Schwartz-Oscar and Lt. Cushing disregarded his suicidal threats and intentionally ignored the use of bed restraints. Hammer alleges that Dr. Schwartz-Oscar was aware of his significant history of suicide attempts and self-harm and the fact that his threats were to be taken seriously. Hammer also claims Dr. Schwartz-Oscar knew he possessed a razor blade. Hammer sues all defendants in their individual capacities.

### THE COURT'S ANALYSIS

Deliberate indifference to an inmate's serious medical needs, including thoughts of suicide and self-harm, violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Miranda v. County of Lake*, 900 F.3d 335, 349 (7th Cir. 2018) ("We repeatedly have recognized a jail or prison official's failure to protect an inmate from self-harm as one way of establishing deliberate indifference to a serious medical need. The obligation to intervene covers self-destructive behaviors up to and including suicide." (internal citations omitted)). To state a deliberate indifference claim, a plaintiff must allege objective and subjective elements: (1) the harm that befell him was objectively, sufficiently serious and a substantial risk to his health or safety, and (2) the defendants were deliberately, that is, subjectively, indifferent to that substantial risk. *Farmer*, 511 U.S. at 832. In cases involving suicide or attempted suicide, the objective element is met by virtue of the act of or attempt to commit suicide, *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001), and the subjective element requires that the defendants (1) subjectively knew the prisoner was at a substantial risk of committing suicide and (2) intentionally disregarded the risk. *Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003); *see also Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000).

4

Construing Hammer's complaint liberally, he sufficiently states Eighth Amendment deliberate indifference claims against all defendants. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) ("[*P*]*ro se* complaints are liberally construed."). Hammer's repeated threats and acts of self-harm are sufficient to allege an objectively serious risk of harm. *See Sanville*, 266 F.3d at 733. Hammer alleges that CO M. Dedering casually walked by his cell despite witnessing him engaging in active self-harm with a razor blade and that M. Dedering along with Lt. Cushing, Sgt. Friedel, nurse Wijas, and COs Williquette, D. Dedering, and Hansen, Jr. heard Hammer threaten to lacerate his neck if he were not placed in bed restraints and were placed back in a cell. It can also be inferred from Hammer's allegations that Dr. Schwartz-Oscar was aware of this threat through her discussion with Lt. Cushing. Hammer further alleges that the defendants were aware that he had a razor blade but nevertheless decided to place Hammer back in cell 405 instead of providing him psychological care or placing him in restraints. At least at this stage, these allegations allow the inference to be drawn that the defendants were subjectively indifferent toward the risk of Hammer's self-harm and that they failed to take reasonable steps to prevent such a risk. *See id.* at 738 ("What the guards thought, however, is not an issue for us to resolve—it is an issue for the trier of fact. . . . [U]nder the requirements of notice pleading, [plaintiff] does not have to prove her factual and legal allegations at this [pleading] stage, she need only show that relief is possible."); *Estate of Novack ex rel. Turbin*, 226 F.3d at 529.

In sum, Hammer may proceed on Eighth Amendment claims against all defendants in their individual capacities.

**IT IS THEREFORE ORDERED** that this case is referred to Magistrate Judge William E. Duffin for all pretrial proceedings in accordance with 28 U.S.C. § 636(b)(1). The magistrate judge

will decide all non-dispositive motions (i.e., motions to compel, motions to recruit counsel, and motions to amend pleadings). A party may serve and file objections to an order deciding a non-dispositive issue within 14 days of being served with a copy. This court will consider any timely objection and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). The magistrate judge will also issue a report and recommendation concerning any motion for injunctive relief or dispositive motions that are filed (i.e., motions to dismiss and motions for summary judgment). Either party may object to the magistrate judge's report and recommendation within 14 days of being served with a copy. This court will conduct a de novo review of any part of the magistrate judge's recommendation that has been properly objected to and will either accept, reject, or return the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b). The case will return to this court for trial, if necessary.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $324.87 balance of the filing fee by collecting monthly

payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide a correct address could result in dismissal of the case for failure to prosecute.

Dated at Green Bay, Wisconsin this  22nd  day of April, 2019.

<pre>
                                        s/ William C. Griesbach
                                        William C. Griesbach, Chief Judge
                                        United States District Court
</pre>