UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TROY G. HAMMER,

    Plaintiff,

v.                                                           Case No. 19-C-444

SAMANTHA SCHWARTZ-OSCAR, et al.,

    Defendants.

## DECISION AND ORDER

Defendant Troy G. Hammer is representing himself in this 42 U.S.C. §1983 action. On March 31, 2021, the Court granted Defendants' motion for summary judgment and dismissed this case. Dkt. No. 115. Hammer filed a notice of appeal on April 23, 2021, and the appeal is docked under Appeal No. 21-1718. On March 21, 2022, nearly a year after the Court dismissed the case, Hammer filed a motion for relief from judgment. Dkt. No. 130. He asserts that he did not understand how to properly respond to Defendants' summary judgment motion and that the Court gave him misleading guidance. He asks the Court to consider his amended response materials.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (citations omitted). But, under Fed. R. Civ. P. 62.1(a), a district court has limited authority to consider a motion made for relief and may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

Fed. R. Civ. P. 60(b)(1), which is invoked by Hammer, allows a court to relieve a party from final judgment based on "mistake, inadvertence, surprise, or excusable neglect." But Hammer's motion to does not identify any mistake, inadvertence, surprise, or excusable neglect that would warrant granting his motion. Defendants moved for summary judgment on September 25, 2020. Dkt. No. 71. Along with their motion, Defendants provided Hammer with copies of Fed. R. Civ. P. 56 and Civil L. R. 56, which set forth the requirements for a non-moving party's response materials. Hammer's failure to carefully review and comply with these rules does not constitute excusable neglect. Further, Hammer explains that he was inexperienced with the law, taking psychotropic medications that made him drowsy, and had limited access to the law library. But none of these circumstances warrant providing him with a second opportunity to respond to Defendants' motion. The Court extended Hammer's response deadline multiple times to accommodate the challenges he states he faced. Ultimately, he was allowed more than five months to prepare his response materials, which was more than adequate.

In short, there is no reason to defer consideration of Hammer's motion for relief for judgment, as permitted by Rule 62.1. The motion does not raise any substantial issue, and the Court would not grant it if the case were remanded.

**IT IS THEREFORE ORDERED** that Hammer's motion for relief from judgment (Dkt. No. 130) is **DENIED**.

Dated at Green Bay, Wisconsin this 1st day of April, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge